IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICHARD RICARDO SLATER,<br><br>                Plaintiff<br><br>  VS.<br><br>DERRICK HENDERSON, *et al.*,<br><br><br>                Defendants | NO. 5: 05-CV-152 (CWH)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## O R D E R

Before the court are the responses of the plaintiff and defendants (Tabs #50 and #51 respectively) to this court's May 19, 2006 order directing the parties to address the issues in this case in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). Tab #49. *Heck* holds that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 486-87

The petitioner's claims in this action involve defendants conspiring to maliciously prosecute him, tampering with evidence, conspiring to use evidence that was allegedly tainted and illegal, and perjuring themselves in his probation revocation hearing. If these acts alleged by the plaintiff were true, his conviction would necessarily be invalid. As such, pursuant to *Heck,* this §1983 claim is not actionable unless and until the plaintiff establishes that his conviction and sentence have been reversed, expunged, invalidated, or questioned by a federal writ of habeas corpus.

Plaintiff SLATER has not alleged that his conviction has been overturned but rather seeks to prove the merits of his case in this §1983 action, which is precisely what the *Heck* court meant to prevent. If and when plaintiff's state conviction is reversed, expunged, invalidated, he may proceed with his Section 1983 action, provided he is not otherwise prohibited from doing so by the law.

Accordingly, it is ORDERED that this case be dismissed *without prejudice*.

SO ORDERED AND DIRECTED, this 14th day of June, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE